AUSTIN S. PARRYMAN v. WILLIAM E. CUNNINGHAM.

(Filed September 7, 1905.)

1. LAND DEPARTMENT—Findings Binding on Courts, When. The findings of the officers of the land department of the United States upon issue of fact involving the title to public lands, are conclusive upon the courts, and in the absence of the pleadings in contest cases the recitals in the decisions of the department officials will be taken as conclusive as to what issues of fact were determined by the department.

2. SAME—Policy. It is the settled law and policy of the interior department of the United States that a second contest will not be entertained against an entry of public land upon a charge which has been once investigated and decided by the department. The reasons for such policy are founded upon sound principle, and should not be overturned by the courts.

3. SAME—Courts will not Interfere, When. The allowance of an application to contest a final entry of public land is by a rule of the general land office, vested exclusively in the discretion of the commissioner of the general land office, and the courts will not interfere with the exercise of such discretion unless there has been such an abuse of discretion as to amount practically to a denial of a clear right.

(Syllabus by the Court.)

*Error from the District Court of Kay County; before Bayard T. Hainer, Trial Judge.*

*John W. Scothorn* and *Lawrence & Huston*, for plaintiff in error.

*Dale & Bierer* and *Chas. Ransom*, for defendant in error.

Opinion of the court by

BURFORD, C. J.: The defendant in error, William E. Cunningham, made homestead entry upon, and secured patent

for, a tract of public land in Kay county, Oklahoma. The plaintiff in error, Austin S. Parryman, brought his suit in the district court of Kay county to have Cunningham declared a trustee for him, and to have the legal title to the land conveyed to him by Cunningham. The right of action grows out of the efforts of both parties to secure the homestead entry upon the land. Both parties made settlement upon the land on the 16th day of September, 1893, the day the land was opened to public settlement. Each made claim of prior settlement, and this issue was finally determined in the land department in favor of Cunningham, and he was allowed to make homestead entry, and within the proper period to make final proof and procure the patent from the United States conveying him the fee. Parryman continued to reside upon the land and to maintain his efforts to obtain homestead entry until he was dispossessed by a decree of the district court in October, 1898. After Cunningham had made final proof and was awaiting patent to issue, Parryman made application to contest the entry of Cunningham upon the grounds that Cunningham was a "sooner", and had violated the proclamation of the President opening said lands to settlement, by being within the Cherokee Outlet prior to September 16, 1893, and after the date of the proclamation. This application was denied, and after passing through the various stages of appeal was finally denied by the decision of the secretary of the interior on April 1, 1902. The patent issued to Cunningham on October 20, 1902, and on June 10, 1903, Parryman commenced this proceeding in equity to have a trust decreed in his favor.

The petition substantially sets out the facts above stated, and relies for relief upon the action of the land department in

refusing to permit him to prove his allegations that Cunningham was disqualified to enter the land, and his positive averment in the petition that Cunningham did in fact enter upon and occupy the lands embraced in the Cherokee Outlet and to be opened to settlement, during the prohibited period, which averment he asks the court to be allowed to prove. The defendant answered the petition setting out the various steps taken and numerous contests heard during the time the right to the land was being litigated in the land department, and specially avers that in a contest of Parryman and of Cunningham against one Sappington, who had the first homestead entry on the tract, the issue of the qualifications of Cunningham was fully heard, tried and determined, and that it was therein found that Cunningham did not enter upon or occupy any of the land opened to settlement on the 16th day of September, 1893, prior to the hour of the opening, and that he was fully qualified to make homestead entry of said land. The defendant also alleged that the corroborating witnesses to the affidavit of contest filed by Parryman, in which he alleged the soonerism of Cunningham, had retracted their statements in their corroborating affidavits, and had admitted they were mistaken, and hence no sufficient affidavit of contest was on file when the secretary of the interior denied the same. As to this latter defense, it is sufficient to say that the exhibits attached to the answer show that the decision of the secretary denying Parryman's right to contest Cunningham for being a sooner, was promulgated on April 1, 1902, while the affidavits of retraction made by Ellis and Leary, the corroborating witnesses, were made on April 5, 1902, hence they could not have entered into the consideration of the secretary or the commissioner of the general land office

in the determination of the rights of Parryman under the contest.

The plaintiff replied by a general denial. These pleadings, together with the numerous exhibits attached to the petition and answer, constitute the issues in the case. Both parties filed motions for judgment on the pleadings, and after consideration of the same the court rendered judgment for the defendant Cunningham, that the plaintiff take nothing by his action. Parryman appealed, and the case is presented on the pleadings.

The contention of plaintiff in error is that within time, before patent had issued, he presented to the land department his properly corroborated affidavit offering to prove the disqualification of Cunningham, and that his contest was denied without a hearing, which was a mistake of law by the department officials, and that if he had been permitted to offer his proof on this issue, he would have procured the cancellation of Cunningham's entry, and been permitted to make homestead entry of the land, and having resided upon and cultivated the land for over five years, he was entitled to make final proof, and the United States having awarded the land to Cunningham, when he was entitled to it, that Cunningham shall be required to convey the title to him.

The contention of the defendant is that his qualifications to enter and to acquire title to the land were in issue in a contest proceeding to which the plaintiff was a party, and that issue was determined in favor of the defendant, and that the plaintiff cannot have a retrial of that issue. Second, that the question of the qualification of a person to acquire title to public lands is one primarily for the land tribunals, and that

courts of equity will not inquire into such questions as original propositions. .

We think the determination of the questions presented calls for no new development of the settled principles of equity. The plaintiff has made part of his petition copies of the official decisions of the officers of the land department relating to the land in controversy, and the several adverse claims thereto.

The several contest affidavits and pleadings which formed the issues adjudicated in these cases are not before us, and we can only determine what issues were tried by the land department, or what issues were properly triable by the recitals in the decisions incorporated into the pleadings. For the purposes of this case the recitals in these decisions as to issues determined and facts presented or found, must be taken as conclusive, and if there is a variance between the averments of the petition and the recitals in the decisions so pleaded, the rule is that the recitals in the exhibit must control. It may be conceded that the direct charge of "soonerism" had never been made by Parryman against Cunningham prior to the application to contest, which was denied, and upon which Parryman relies as a basis for recovery in this suit. But if the issues presented and determined by the land tribunal did, in fact, call in question his qualifications to make homestead entry of the land, and under this issue it was allowable by the rules and practice of the department to permit an inquiry to be made as to whether Cunningham had disqualified himself by violating the provisions of the President's proclamation prohibiting persons from entering on the lands subject to entry during a specified period, and evidence was in fact offered upon this question, and the land tribunal passed upon

said question of fact and found in favor of the entryman, then such finding is conclusive on the court, and it cannot look into the sufficiency of the facts to sustain such conclusions. *Potter v. Hall*, 189 U. S. 292.

Looking to the decision of Commissioner Richards, of date December 10, 1901, referring to the application of Parryman to contest Cunningham's entry for alleged soonerism, we find it there said:

"Contests between the parties herein, involving prior settlement, have been decided by the department in three different cases, and the question of 'soonerism' was brought out in the testimony in the case of *Caloway M. Flora and Austin S. Parryman, v. Samuel H. Sappington and William E. Cunningham,* decided by this office and the department in several decisions, from March, 1896, to November, 1898, all the parties claiming priority of settlement, and in each case decided in favor of Cunningham. In that case Cunningham testified that he did not enter the Strip until the gun was fired on the day of the opening, and he was subjected to a thorough cross examination on that point by Parryman's attorney, and there was no attempt made to impeach his testimony. In fact, Parryman testified that Cunningham did not settle upon the land until about October 24, 1893.

"The question of 'soonerism' on the part of Cunningham has already been fully inquired into, and should not at this late day be made the subject of an investigation, especially as the entryman has received his final certificate for the land, which the department has held he is entitled to as against the affiant herein."

On appeal from the decision of the commissioner, the secretary of the interior on April 1, 1902, promulgated the decision which is complained of by Parryman. In this decision we find it stated:

"The right to said tract has been in controversy between the contestant, the defendant and other parties, since shortly after the day of the opening, September 16, 1893, when proceedings were had to determine who was the prior settler. It was originally entered by Samuel H. Sappington, but by the decision of your office affirming the finding of the local land office that Cunningham was the prior settler, Sappington's entry was cancelled, Parryman's contest dismissed, and Cunningham was allowed to make entry of the tract. Your decision was affirmed by the department October 12, 1897, which was adhered to on review. Since then the controversy as to the right to this tract between Parryman, Sappington and Cunningham, has been several times before the department, and has always been decided in favor of Cunningham.

"Subsequently a contest was filed against said entry by Sappington, charging that Cunningham entered into an agreement to sell a part of said tract, and that he was disqualified from making entry because of his premature entrance into the Territory. Upon a hearing the local office found that the charge was not sustained, which was affirmed by your office. The department by decision of November 9, 1900, stating that no testimony had been offered to show that Cunningham had entered the Territory prematurely, affirmed your decision, and Cunningham was allowed to complete his entry of the tract upon the submission of final proof. Final certificate was issued February 7, 1901. While it does not appear from any of the decisions of the department, rendered in the various stages of this controversy, nor from the record now before the department, that Parryman has heretofore alleged the disqualifications of Cunningham by prematurely entering the Territory, or that he had offered testimony upon the question, yet he has had ample opportunity to present that question in the proceedings heretofore had. * * * It is true, that the charge, if proven, would not only disqualify Cunningham from entering this tract, but from entering any lands in

said Territory opened to entry September 16, 1893. That charge, however, has already been investigated upon the contest of another party, and the entry of Cunningham having been so persistently contested through a long period of litigation, resulting always in his favor, it is not deemed advisable to reopen the case upon the charge now presented."

These decisions both hold that the question as to whether Cunningham had entered upon or occupied the lands described in the proclamation of the President during the prohibited period, was an issue upon the question of Cunningham's qualifications as a homestead settler under his claim as a prior settler, and upon the allegations of Sappington's contest against Cunningham's entry, and that Parryman had been accorded ample opportunity to be heard upon said question.

If these recitals are true, and they must be taken as true for the purposes of the motion for judgment on the pleadings, then the defendant's plea of *res adjudicata,* or more appropriately of estoppel, is good. Or, if true, then the plaintiff is not entitled to judgment in his favor on his own pleadings, and it was not error to render judgment for the defendant.

It seems to have been the settled practice of the land department tribunals, to inquire into and determine the question of the qualifications of an applicant for public lands upon the claim of prior settlement. A claimant for public lands is not permitted to defeat another claimant on the grounds of prior settlement unless he possesses all the qualifications to entitle him to make homestead entry upon and acquire title to the land, and whether or not the entryman or the contestant were "sooners" is always an issue to be de-

termined in a contest for prior settlement. *Blanchard v. Cook et al.*, 13 L. D. 153; *McMillan et al. v. Harris,* 27 L. D. 696; *Guthrie Townsite v. Paine, et al.,* 12 L. D. 653; *Oklahoma City v. Thornton et al.,* 13 L. D. 409.

By the settled rules and decisions of the department, an issue once tried and determined cannot be made the basis for a second contest, either by the same parties or by any other persons. *Parker v. Gamble,* 3 L. D. 390; *Reeves v. Emblem,* 8 L. D. 444; *Idem.* 9 L. D. 584; *Mead v. Cushman* 10 L. D. 253; *Busch v. Devine,* 12 L. D. 317; *McAlister v. Arnold,* 12 L. D. 520; *Fuller v. Hill et al.,* 12 L. D. 600; *Gray v. Whitehouse,* 15 L. D. 352.

The averments of the petition are that Cunningham made final proof and received final certificate on Feb. 7, 1901. The application of Parryman to contest was made after that date, and is governed by rule 5 of the rules of practice of the general land office. This rule provides: "In case of an entry or location, on which final certificate has been issued, the hearing will be ordered only by direction of the commissioner of the general land office." The rules further provide that all applications for contesting entries where final proof has been made and final certificate issued, must be transmitted by the register and receiver to the commissioner for his determination and instruction.

The commissioner of the general land office is empowered under the direction of the secretary of the interior, to enforce and carry into execution by appropriate rules and regulations, all the provisions of the statutes relating to the disposal of the public lands. R. S. U. S. sec. 2478.

These rules and regulations when adopted and put in force by the officers of the land department, have all the

force and effect of a law of the United States. *Peters v. United States* 2 Okla. 116; *United States v. Symonds,* 120 U. S. 46; *Meyers v. United States,* 5 Okla. 173.

The granting of a hearing upon an application to contest a final entry is discretionary with the commissioner of the general land office, and such discretion should not be interfered with unless it is clearly shown that there has been an abuse of such discretion. *Finch v. Morath,* 13 L. D. 706; *Reeves v. Emblem,* 9 L. D. 584; *Fletcher v. Rood,* 10 L. D. 250; *In re Joseph A Bullen,* 8 L. D. 301; *In re Geo. F. Stearns,* 8 L. D. 573; *U. S. v. Rhea,* 8 L. D. 578; *Geo. v. Lemieux,* 9 L. D. 66; *In re Samuel J. Bogart,* 9 L. D. 217; *Gray v. Whitehouse,* 15 L. D. 352; *Johnson et al., v. McKeurley,* 16 L. D. 152.

The facts alleged in the petition do not show such an abuse of discretion as would authorize a court of equity to set aside the action of the officers of the land tribunal. It is not the policy of the courts to interfere in such cases. *McMichael v. Murphy,* 197 U. S. 304.

There was no error in the judgment of the district court. The judgment of the district court of Kay county is affirmed, at the costs of the plaintiff in error.

Hainer, J., who presided in the court below, not sitting; all the other Justices concurring.