## BOWEN v. CARTER *et al.*

No. 3777.   Opinion Filed June 23, 1914.

Publication Withheld Until July 23, 1914.

1.   JUDGMENT—United States Courts—Jurisdiction—Collateral Attack.   A decree of the United States Court for the Southern District of the Indian Territory, rendered in a cause in which the court had jurisdiction of the parties and the subject-matter, and not appealed from, became final, and cannot be re-examined or reviewed in a collateral proceeding.

2.   SAME—Parties in Interest.   A judgment cancelling a conveyance in a suit to which all the parties known to the plaintiff as claiming an interest in or encumbrance on the property are made parties, is effectual to divest the interest of a person who is not a party, but who claims under the grantee, and of which the plaintiff had no actual or constructive notice.

3.   INDIANS — Lands — Allotments—Validity.   An allotment certificate when issued to an enrolled member of the Five Civilized Tribes of the Indian Territory, like a patent for public lands, is dual in effect. It is an adjudication of the special tribunal empowered to decide the question that the party to whom it issues is entitled to the land, and it is a conveyance of the right to this title to the allottee.

4.   SAME—Jurisdiction of State Courts.   The action of the Interior Department in issuing an allotment patent to an enrolled member of the Choctaw and Chickasaw Nations may be reviewed by the court, and if it be found that such patent was issued to the wrong allottee, either on account of an erroneous view of the law, or by gross or fraudulent mistake of the facts, the rightful claimant may have such patentee declared a trustee holding the legal title for him.

(Syllabus by Galbraith, C.)

*Error from District Court, Grady County;*
*Frank M. Bailey, Judge.*

Action by Dorset Carter and others against Dellia Bowen, a minor.   Judgment was for plaintiffs, and defendant brings error. Affirmed.

*J. V. Cabell,* for plaintiff in error.

*H. A. Ledbetter,* for defendants in error.

Opinion by GALBRAITH, C. This suit was instituted for the purpose of having Dellia Bowen, a minor allottee of the Chickasaw Nation, declared a trustee, and that the plaintiffs·might be decreed to be the owners of the legal title to the land patented to her. After alleging the jurisdictional facts it is charged in the petition that the land in controversy was allotted to Buckner Burns, an intermarried citizen of the Choctaw Tribe of Indians, as his surplus allotment on the 4th day of December, 1906, and that a certificate of allotment was duly issued to him for such land, and there is attached a certified copy thereof to the petition; that after the allotment of said land to Buckner Burns, the plaintiff, H. A. Ledbetter, filed a suit in the United States Court for the Southern District of Indian Territory, sitting at Ardmore, for the purpose of compelling said Buckner Burns to convey said land to him; that Buckner Burns was duly summoned in said action, and the same proceeded to judgment, and a decree was entered therein, adjudging the title in said land to be in H. A. Ledbetter, and a certified copy of said decree was attached to the petition as an exhibit; and that after the rendition of such judgment Ledbetter conveyed nine-tenths of his interest in the land to the other plaintiffs above named. That the judgment of the United States Court for the Southern District of the Indian Territory, sitting at Ardmore, rendered in said cause, and the deed from Ledbetter to his associates, and the allotment certificate of Buckner Burns, were all duly recorded in the office of the register of deeds of the county where the land is located, and that after the rendition of the judgment awarding such land to Ledbetter, he and his associates took possession thereof, and have been in the quiet and peaceable possession ever since said date, and that after the allotment of the land to Buckner Burns, and the issuance of the certificate to him, and the execution of the deed by Ledbetter, he and his associates caused the land to be surveyed and platted into a town site, and established a town thereon under the name of Middleburg, Oklahoma, and caused the town site to be surveyed into lots, blocks, streets and alleys. and that the same has been since known as Middleburg, Oklahoma; that there has been established thereon a United States post

office, dwelling houses, business houses, schools and churches, and that after the selection of such land by Buckner Burns, as his surplus allotment, and after the judgment and decree of the United States Court for the Southern District of the Indian Territory, adjudging the title to be in H. A. Ledbetter, Dellia Bowen caused a contest to be filed in the office of the Commissioner to the Five Civilized Tribes, whereby she attempted to contest the right of Buckner Burns to such allotment on the ground that he had conveyed the same to a noncitizen of the Choctaw and Chickasaw Nation of Indians, and attached a certified copy of the contest complaint as an exhibit to the petition, and further alleged that the Commissioner to the Five Civilized Tribes, without authority of law, entertained said contest, and rendered what purported to be a judgment awarding said land to Dellia Bowen, and attached a copy of said award to the petition, and further set out that, after the rendition of said judgment, the Governor of the Chickasaw Nation, the Principal Chief of the Choctaw Nation, and the Secretary of the Interior, executed a patent for said land to Dellia Bowen, and alleged that said patent was duly recorded in the office of the Commissioner to the Five Civilized Tribes and in the office of the register of deeds of Grady county, where the land was located, and attached a copy of the patent as an exhibit to the petition. It is further alleged that the Commissioner to the Five Civilized Tribes committed an error of law in entertaining the contest, and also committed an error of law in rendering the judgment awarding the land to Dellia Bowen, and charging that if the Commissioner had refused to entertain said contest, as he should have done, and had not rendered the judgment that was rendered, the patent to said land would have been issued and delivered to Buckner Burns, the plaintiff's grantor, and that, as a matter of law, the patent to said land should have been issued to and in the name of Buckner Burns, and that, by reason of the Commissioner to the Five Civilized Tribes entertaining said contest and rendering such judgment, the plaintiffs' title to said land has been clouded. The prayer was that Dellia Bowen be declared to hold the title to the land in trust for the plaintiffs, and that they have judgment decreeing the legal title

in them, and that Dellia Bowen, and those claiming under her, be enjoined from asserting any right, title, claim, or interest in and to said land, or any part thereof, and for general relief.

On suggestion made to the court of the minority of defendant, Dellia Bowen, a guardian *ad litem* was appointed for her, and an answer filed in her behalf, wherein the material allegations of the petition were denied, and it was specially denied that the allotment certificate to the land had ever been lawfully issued to Buckner Burns. It was admitted that on the 4th day of December, 1906, Buckner Burns, an intermarried citizen, filed a selection of allotment as his surplus on the land described in the petition; that prior to that time Burns had contracted with H. A. Ledbetter to convey said land in payment of an agreed fee for services in securing the enrollment of Burns as an intermarried citizen, and that on December 4, 1906, or shortly thereafter, H. A. Ledbetter commenced an action in the United States Court for the Southern District of the Indian Territory, sitting at Ardmore, to compel Buckner Burns to convey to him the land that had been selected as his surplus allotment in compliance with the terms of a written contract, and that on July 15, 1907, judgment was rendered in favor of Ledbetter, decreeing the title to the land to be in him; that on the 19th day of August, 1907, and within the nine months from the date of the filing on the land by Buckner Burns, the defendant, Dellia Bowen caused a contest to be filed with the Commissioner to the Five Civilized Tribes, whereby she contested the selection by Buckner Burns of such land as his allotment; that the contest was brought within the terms of the act of Congress of July 1, 1902, and was authorized by the rulings and decisions of the Secretary of the Interior, to the effect that a conveyance or contract to convey land contained in a selection of an allottee prior to the expiration of nine months allowed by law for instituting contest against the same, rendered such land public domain and liable to contest by reason thereof; that during the pendency of such contest, and before the same was finally determined, by mistake or inadvertence of some one in the office of the Commissioner to the Five Civilized Tribes, an allotment certificate was erroneously and without au-

thority issued and mailed to Buckner Burns; that upon discovering such mistake the Commissioner immediately despatched a messenger to intercept and recover such allotment certificate, and that such messenger did recover said certificate, and the same was returned to the office of the Commissioner and stamped "cancelled;" that upon final hearing of said contest the land was awarded to Dellia Bowen, and this award was duly approved by the Secretary of the Interior, and an allotment patent issued to her for the same; that the judgment of the United States Court, sitting at Ardmore, decreeing the title to said land to be in H. A. Ledbetter was void, inasmuch as the suit was filed and the judgment rendered before the expiration of the nine months from the date of the selection of the land as an allotment by Buckner Burns, allowed by the act of Congress for the institution of contest against the selection of allotments; that during such period the Interior Department had exclusive jurisdiction of the allotments of Indian lands, and the court had no jurisdiction to decree in reference to them, and that, since closing the contest instituted by Dellia Bowen, Buckner Burns had filed his selection for his surplus allotment on other land in lieu of the land in controversy, and had received certificate of allotment and patent for same. The prayer was that Dellia Bowen be adjudged and decreed to be the legal owner in fee simple of the land described in plaintiffs' petition, and that she have judgment decreeing the title and possession to be in her, and that plaintiffs and each of them be enjoined from asserting any further title to the land, or any part thereof, and for general relief.

Upon the issues thus formed by the petition and answer the cause was submitted to the court for trial, and the court made findings of fact and conclusions of law as follows:

"First. That on the 4th day of December, 1906, Buckner Burns, as an intermarried citizen of the Choctaw Tribe of Indians, filed a written application before the Chickasaw land office, at Ardmore, Indian Territory, asking that he be permitted to select as his surplus allotment the following described lands, to wit: The northeast quarter of the southwest quarter, less 4.65 acres for C. V. & W. Ry. and the W. ½ of S. E. ¼ of S. W. ¼ and S. W. ¼ of S. W. ¼, less 4.48 acres for C. V. & W. Ry.

Co. of section 4, and the N. E. $\frac{1}{4}$ of N. W. $\frac{1}{4}$ of N. W. $\frac{1}{4}$ of section 9, twp. 7, north, range 5 west of the Indian Base and Meridian.

"Second. The court further finds that after said selection was made, one of the plaintiffs herein, H. A. Ledbetter, instituted suit in the United States Court for the Southern District of the Indian Territory, at Ardmore, Oklahoma, asking that said Buckner Burns be compelled to convey to him the lands so selected, and after service of summons and trial had, judgment was rendered in said cause in favor of the plaintiff, H. A. Ledbetter, and the court further finds that no appeal was prosecuted from said judgment.

"Third. The court further finds that after the selection of said allotment aforesaid by said Buckner Burns, the defendant, Dellia Bowen, instituted, at the Chickasaw land office at Ardmore, a contest against the land theretofore selected by said Buckner Burns, which said contest was filed on the 19th day of August, 1907.

"Fourth. The court further finds that there was issued to and in the name of Buckner Burns an allotment certificate, covering the lands herein described, and that said allotment certificate was mailed to Buckner Burns on the 12th day of December, 1908, and that said Buckner Burns received said allotment certificate.

"Fifth. The court further finds that on the 21st day of December, 1908, the Commissioner to the Five Civilized Tribes, wrote to Buckner Burns requesting that he deliver up said allotment certificate, and said Buckner Burns did deliver up said allotment certificate by returning the same to the Commissioner to the Five Civilized Tribes, on or about twelve days after the Commissioner had requested that the same be returned, and that after said Commissioner received said allotment certificate, and on, to wit, about the —— day of June, 1910, the Commissioner to the Five Civilized Tribes marked on said allotment certificate 'Cancelled.'

"Sixth. The court further finds that there was no suit filed or any action taken in any court of record by the Commissioner to the Five Civilized Tribes seeking to cancel said allotment certificate so issued and delivered to said Buckner Burns.

"Seventh. The court further finds that after the institution of said contest, as hereinbefore mentioned, the Commissioner to the Five Civilized Tribes entered an order dismissing said contest for want of prosecution, as of date June 12, 1908.

"Eighth. The court further finds that, after said contest was dismissed for want of prosecution, the Commissioner to the Five Civilized Tribes reinstated said contest and rendered what purports to be a judgment, declaring the land theretofore selected by Buckner Burns to be the property of Dellia Bowen, defendant herein.

"Ninth. The court further finds that after said contest was decided, that the Commissioner to the Five Tribes issued and delivered a patent to Dellia Bowen, the defendant herein, to the lands hereinabove described, and that said patent was recorded in the office of the Commissioner to the Five Civilized Tribes at Muskogee, and also recorded in the office of the register of deeds of Grady county, Oklahoma, the county wherein said land is situated.

"Tenth. The court further finds that after the selection of the allotment by Buckner Burns, and after the decree of the court conveying said land to H. A. Ledbetter, he, the said H. A. Ledbetter, sold a nine-tenths interest therein to the other plaintiffs herein, and that plaintiffs have at all times been in actual possession of said lands since July 15, 1907.

"Eleventh. The court finds that the plaintiffs herein caused said lands to be surveyed into lots, blocks, streets and alleys, and caused the same to be designated as a town site under the laws of the state of Oklahoma, under the name of 'Middleburg' and since said designation there has been placed on said lands, a post office, store houses, dwelling houses, churches, gins, school houses, blacksmith shops, lumber yards, and the like, of the approximate value of forty thousand ($40,000) dollars.

"Twelfth. The court concludes from the law that after the selection was made by Buckner Burns, and the decree of the United States Court for the Southern District of the Indian Territory, declaring the title of said land in H. A. Ledbetter, that he, the said H. A. Ledbetter, acquired the equitable title to said lands.

"Thirteenth. The court concludes from the law, that the contest filed by the defendant, Dellia Bowen, against Buckner Burns in the Chickasaw land office at Ardmore, did not state facts sufficient to warrant said land office in entertaining jurisdiction of said contest.

"Fourteenth. The court concludes from the law that the judgment awarding the lands to the defendant herein, Dellia Bowen, was an error of law, and the court concludes from the

law that the issuance of the patent to Dellia Bowen was an error of law, and the court concludes from the law that the defendant, Dellia Bowen, holds the title to said land in trust for the plaintiffs herein."

Upon these findings of fact and conclusions of law the court decreed as prayed in the plaintiffs' petition. To reverse this decree the defendant has perfected an appeal to this court.

It will not be necessary to examine in detail the numerous errors assigned, since the consideration of the fifth assignment, which is "that the decision and findings of the court are not sustained by sufficient evidence, and are contrary to law," will dispose of all of the assignments made.

There was little, if any, controversy as to the facts, and there can be no serious question about their being sufficient evidence to sustain the findings of fact made by the court. The only serious question presented by the record is whether or not the law was correctly declared and applied by the trial court.

First. The judgment of the United States Court for the Southern District of the Indian Territory, sitting at Ardmore, rendered in the suit of H. A. Ledbetter against Buckner Burns and others, is attempted to be attacked in this suit. The record shows that the parties to that suit were citizens of the United States, and an intermarried citizen of the Choctaw Nation, and a noncitizen, and that the subject of the suit was a tract of land located in the Southern District of the Indian Territory, and within the jurisdiction of that court. It thus appears that the court had jurisdiction of the parties and of the subject-matter. The judgment rendered in that case is therefore not void. Whether or not that judgment was correct cannot be determined in this suit, wherein that decree is sought to be attacked collaterally. No appeal was taken from the decree rendered in that case, and it, therefore, became final, and we are bound to presume on collateral attack that the court correctly decreed in that case that the title to the land in controversy in this suit was in the plaintiff, H. A. Ledbetter, at the date of the rendition of the decree therein, July 15, 1907. The claim of the plaintiff in error, Dellia Bowen, was initiated after the rendition of the decree in that

suit, to wit, on August 19, 1907, at the time of filing her con-
test against the selection of the land in controversy by Buckner
Burns as his surplus allotment, and the basis of her right was
the act of Buckner Burns in conveying the land to a non-
citizen of the Indian Nation.   She therefore claimed under
Buckner Burns, and since Burns' right and title to the land was
adjudicated in the decree of the United States Court for the
Southern District of the Indian Territory, on July 15, 1907, she
would seem to be bound by that decree, and her right precluded
by it.  *Lynch v. Murphy,* 161 U. S. 247, 16 Sup. Ct. 523, 40 L.
Ed. 688.

Second.   As to the right of Buckner Burns to select this land
as his allotment.   It is admitted that he was a duly enrolled
citizen of the Choctaw Nation by intermarriage.   Section 11 of
the act of July 1, 1902 (32 St. at L. 641), reads in part as
follows:

"There shall be allotted to each member of the Choctaw and
Chickasaw tribes, as soon as practicable after the approval by
the Secretary of the Interior of his enrollment as herein pro-
vided, land equal in value to three hundred and twenty acres
of the average allottable land of the Choctaw and Chickasaw Na-
tions, * * * which land may be selected by each allottee so
as to include his improvements."

The testimony is undisputed that Buckner Burns acquired
the improvements to the land in question from the party in pos-
session thereof, and, therefore, under the statute, had a right to
select the land as his allotment, and to have the same allotted to
him.   And it also appears from the record that he made the
selection and that the land was allotted to him, and that a cer-
tificate of allotment for the land was issued and delivered to him.
The authorities practically all agree that the effect of the allot-
ment and the delivery of the allotment certificate was to vest in
the allottee the equitable and legal title to the land.   It was said
by the Circuit Court of Appeals for the Eighth Circuit, in *Wal-
lace v. Adams,* 143 Fed. 716, 74 C. C. A. 540:

"The allotment certificate when issued, like a patent to land,
is dual in its effect.   It is an adjudication of the special tribunal,
empowered to decide the question, that the party to whom it

issues is entitled to the land, and it is a conveyance of the right to this title to the allottee. *United States v. Wynona & St. Peter R. Co.,* 15 C. C. A. 96, 103, 67 Fed. 948, 955."

The record does not show when the allotment certificate for the land in controversy was issued to Buckner Burns, but it does show that it was dated December 4, 1906. It may be that the presumption would arise from these facts, and in the absence of a showing to the contrary, that the certificate was issued in due course under the law. However this may be, it is clear that the issuance of the certificate was an adjudication that Buckner Burns had a right to the land, and the delivery of the certificate protected and vested the title in him, and subsequent to April 21, 1904, the date of the approval of the act removing restrictions against alienation, he had the right to convey his surplus allotment.

It was said by this court in speaking of a Seminole allotment certificate, in the case of *Godfrey v. Iowa Land & Trust Co.,* 21 Okla. 293, at 299, 95 Pac. 792:

"Obviously, upon the selection of his allotment and the receipt, by the allottee, of a certificate signed by the chairman of the Commission to the Five Civilized Tribes, the land described in said certificate was segregated from the common mass of Seminole land. It could not thereafter be allotted to any other citizen. The allottee could not be deprived of the same, either by the federal government or the Indian tribes."

In the case of *Wirth v. Branson,* 98 U. S. 118, 25 L. Ed. 86, the court said:

"The rule is well settled, by a long course of decisions, that when public lands have been surveyed and placed in the market, or otherwise opened to private acquisition, a person who complies with all the requisites necessary to entitle him to a patent in a particular lot or tract is to be regarded as the equitable owner thereof, and the land is no longer open to location. The public faith has become pledged to him, and any subsequent grant of the same land to another is void, unless the first location or entry be vacated and set aside."

And in *Godfrey v. Iowa Land & Trust Co., supra,* it was said, in regard to the right of an allottee who was not of Indian blood to convey his surplus allotment, as follows:

"When we consider this provision, in connection with the act of April 21, 1904, removing all restrictions upon the alienation of lands of all allottees of either of the Five Civilized Tribes of Indians who are not of Indian blood, except minors, and except as to homesteads, in the light of *Barney v. Dolph, supra,* and the other authorities heretofore cited, unquestionably the allottee herein could convey all of his allotment except that portion designated by him as his homestead."

Third.  Again, it is not clear that the Commissioner to the Five Civilized Tribes did not commit error of law in maintaining the contest of Dellia Bowen on the ground set out in her petition, to wit, "that subsequent to the selection of the land by Buckner Burns he conveyed the same to a noncitizen thereby abandoning his right to take the same in allotment;" and, also, in sustaining a motion to reinstate said contest after the same had been dismissed for want of prosecution.  The statute did not authorize the institution and maintenance of a contest on the ground set out in Dellia Bowen's petition.  Neither the statute nor the practice before the Department authorized the Commissioner to arbitrarily recall and cancel the allotment certificate issued to Buckner Burns in the manner he did.  *Knight v. Lane,* 228 U. S. 6, 57 L. Ed. 709.  It follows that the Department likewise fell into error in finding that Dellia Bowen was entitled to allot this land, and in issuing an allotment patent for the same to her.

The right of the trial court to review the action of the Department in awarding this land to Dellia Bowen is clear.  The Circuit Court of Appeals in referring to an allotment certificate and the cancellation of the same, in *Wallace v. Adams, supra,* said:

"Like a patent it is impervious to collateral attack.  But, as in the case of a patent, if the Commissioner or Secretary has been induced to issue the allotment certificate to the wrong party by an erroneous view of the law, or by a gross or fraudulent mistake of the facts, the rightful claimant is not remediless. He may avoid the decision and charge the legal title to the lands in the hands of the allottee, as he may that of the grant to a patentee, with his equitable right to it either on the ground that upon the facts found, conceded, or established without dispute

at the hearing before the special tribunal, its officers fell into an error in the construction of the law applicable to the case which caused them to refuse to issue the certificate to him and to give it to another, or that through fraud or gross mistake it fell into a misapprehension of the facts proved before it which had a like effect. *James v. Germania Iron Co.*, 46 C. C. A. 476, 479, 107 Fed. 597, 600."

See, also, *Hooks v. Kennard,* 28 Okla. 457, 114 Pac. 744; *Robinson v. Owens,* 30 Okla. 484, 119 Pac. 995; *Mitchell v. Bell,* 31 Okla. 117, 120 Pac. 560; *Summers v. Barks,* 36 Okla. 337, 127 Pac. 402.

It follows from these authorities that the trial court did not err in the conclusions of law, and that the same are sustained by abundant authority.

We·conclude that the Department fell into error of law in entertaining the contest of Dellia Bowen, the plaintiff in error, and also in reinstating this contest after it had been dismissed, and also in finding that she was entitled to allot the land in controversy, and also committed error of law in issuing an allotment patent to her, and that under the facts found, and the law properly applied thereto, Buckner Burns was entitled to a patent for the land, and that the defendants in error, as his grantees, have the legal title to the land, and that the plaintiff in error holds the same in trust for them, and that the exceptions should be overruled, and the judgment appealed from should be affirmed.

By the Court: It is so ordered.