### BOZARTH et al. v. MITCHELL et al.

No. 6325—Opinion Filed April 25, 1916.
Rehearing Denied June 6, 1916.
(157 Pac. 1051.)

**1. Indians—Lands — Issuance of Patent—Review by Courts.**

A final decision of the Commissioner to the Five Civilized Tribes and the Secretary of the Interior in a contest proceeding awarding the right to allot certain lands, and the issuance of a patent therefor to the prevailing party, may be reviewed by a court of equity; and, if it be found that the departmental officers in arriving at such decision have departed from the established principles of law and governing rules of procedure, and have been induced to issue the patent to the wrong party by reason of a materially erroneous view of the law, the effect of such decision and patent may be avoided by decree of the court, and the legal title to the lands involved in the contest and conveyed by the patent charged with a trust in favor of the rightful claimant.

**2. Trusts — Enforcement — Pleading — Petition.**

Petition examined, and held to state facts sufficient to constitute a cause of action.

(Syllabus by Bleakmore, C.)

Error from District Court, Tulsa County; L. M. Poe, Judge.

Action by Mark L. Bozarth and another against John O. Mitchell and others. Judgment for defendants, and plaintiffs bring error. Reversed and remanded.

James A. Hays, for plaintiffs in error.

Warren D. Abbott and Frederic A. Peck, for defendants in error.

Opinion by BLEAKMORE, C.. This is an appeal from the judgment of the district court of Tulsa county, sustaining a demurrer to the petition in an action seeking a decree establishing that plaintiffs are the owners of certain lands allotted in the name of a Cherokee citizen, charging the legal title, evidenced by patent conveying same, with their equitable right thereto, and to have defendants

declared trustees for them. By the petition it is alleged that on May 3, 1907, Martha Pheasant, an intermarried white woman, duly enrolled as a Cherokee citizen, and entitled thereto, selected the lands involved as an allotment; that on November 3, 1908, no contest having been filed against her. certificate of allotment was issued to her and delivered; that on March 4, 1908, she conveyed the lands therein described to plaintiffs. who thereby became and are now the owners thereof, and—

"the plaintiffs say that the Department of the Interior of the United States, on January 27, 1903, and again on March 9, 1903. approved the rules of practice for the initiation of contests in the Cherokee allotment cases, which rules were promulgated March 17, 1903, by the Commission to the Five Civilized Tribes, for the information and guidance of all concerned, and that the same were in full force and effect at all times herein mentioned, a part of which are as follows, to wit:

" 'Rule 1. Contest may be initiated by or on behalf of an adverse claimant against any party by or for whom a selection of land has been made in the Choctaw, Chickasaw or Cherokee Nation for any sufficient cause affecting the right of possession of the land in controversy by selecting the same land and by filing a complaint with the Commissioner to the Five Civilized Tribes at the land office in the nation in which the land lies.

" 'Rule 2. When the allottee is deceased the contest shall be brought against the heirs of such deceased allottee. and the complaint shall state the names of all the heirs. If the heirs or any of them are nonresidents of the Indian Territory or unknown. the complaint shall set forth the fact and be corroborated with respect thereto by the affidavit of one or more persons.

" 'Rule 3. The complaint must conform to the following requirements:

" '(a) It must be written or partly written and partly printed.

" '(b) It must describe the land involved.

" '(c) It must state the land office where. the date when, and for whom, the contestant selected said land.

" '(d) It must make party contestee the person who, by himself or through another. originally selected the land in controversy. and state the date of such selection and by whom made. * * *

" '(g) It must be duly verified.'

"The plaintiffs say that the said Martha Pheasant died on December 15, 1908, and left surviving her as her only heirs at law her children, Tilda Blades, John Scott, Kate Foreman, Mary Hutchings, and William A. Scott.

"The plaintiffs say that against the allotment of the aforesaid land no complaint was ever filed against the said Martha Pheasant as contestee during her lifetime. or against her said heirs as contestees after her death.

"The plaintiffs say that on the 23d day of May, 1907, there was filed in the Cherokee land office, a complaint, a copy of which is hereto attached and made a part hereof, marked 'Exhibit C'; that thereafter and on the 23d day of March, 1909, a notice on same was issued, a copy of which is hereto attached and marked 'Exhibit D.'

"The plaintiffs say that on May 24, 1909, the date set for hearing the aforesaid notice, it became known to the Commissioner to the Five Civilized Tribes that the said Martha Pheasant had died prior to the issual of said notice, and on said date the said Commissioner ordered that a new complaint be filed, and accordingly, on the 12th day of August, 1909, there issued from the Commission to the Five Civilized Tribes a notice with copy of complaint attached, a copy of which notice and complaint are hereto attached and made a part hereof, marked 'Exhibit E. and F.' respectively.

"The plaintiffs say that on the 19th day of May, 1910, the acting Commissioner to the Five Civilized Tribes rendered his decision on the aforesaid proceedings, a copy of which is hereto attached, marked 'Exhibit G,' and made a part hereof.

"The plaintiffs say that an appeal was prosecuted to the Commissioner of Indian Affairs, and by him the aforesaid decision was affirmed, a copy of which is hereto attached. marked 'Exhibit H,' and made a part hereof.

"The plaintiffs say that from the judgment of the aforesaid Commissioner of Indian Affairs an appeal was prosecuted to the Secretary of the Interior, which decision of the said Commissioner to the Five Civilized Tribes was sustained and affirmed, a copy of which decree is hereto attached, marked 'Exhibit I,' and made a part hereof.

"The plaintiffs say that neither the said Martha Pheasant nor her heirs had any notice of said proceedings, and that no notice thereof was ever given to the said Martha Pheasant or her heirs, and that said judgment, attempting to cancel said certificate of allotment by reason thereof, is void.

"The plaintiffs say that the said Commissioner to the Five Civilized Tribes nor the Commissioner of Indian Affairs nor the Secretary of the Interior of the United States had no authority or jurisdiction or power to cancel the certificate of allotment aforesaid made to the said Martha Pheasant, and that said judgment was and is arbitrary, unwarranted, and without authority, and the said judgment and order aforesaid are void.

"The plaintiffs say that on the 9th day of November, 1912, W. C. Rogers, Principal Chief of the Cherokees, issued in the name of Bula Lea Rodden an allotment deed No. 39601, which was approved by the Department of the Interior, at Washington, D. C., on November 22, 1912, and filed for record on the 30th day of December, 1912, at 4 o'clock p. m., in the Cherokee land office at Muskogee, Okla., a copy of which deed is

hereto attached, made a part hereof, and marked 'Exhibit J.'

"The plaintiffs say that Lillie Patton is the mother and sole heir at law of the said Bula Lea Rodden, and that on the 14th day of March, 1912, she executed to one P. F. Smith an oil and gas mining lease for a term of 10 years from said date on said land, and that on the 14th day of May, 1912, the said Lillie Patton executed a deed of general warranty to the defendants John O. Mitchell and S. S. Robinson for the said tract of land; that the defendants, Lillie Patton, P. F. Smith, John O. Mitchell, and S. S. Robinson, took the aforesaid conveyances to said land and held the same with notice and knowledge of the rights of these plaintiffs in and to said land.

"The plaintiffs say that the said Bula Lea Rodden and the aforesaid defendants, by reason of the issual of said deed by said W C. Rogers and approval by the Department of the Interior of the United States in the name of the said Bula Lea Rodden, and by reason of the said conveyances from the said Lillie Patton, are holding evidence of title to said land and that they refuse to convey the same to these plaintiffs, and plaintiffs say that they hold said evidence of title in trust for these plaintiffs, and refuse to give same to these plaintiffs, in violation of the rights of said plaintiffs; that the said defendants, nor either of them, have any right, title, or interest in or to said land."

The complaint, in the contest proceeding commenced May 23, 1909, is as follows:

"Department of the Interior.
"Commissioner to the Five Civilized Tribes.
"Contest of Allotment.

"James W. Brown, Adm'r. of the Estate of Bula Lea Rodden, Dec'd, Contestant, v. W. A. Scott, as Atty. in Fact for Martha Pheasant, Contestee.
"N. B.—4288    IW. 255

"The contestant, William Rodden, as administrator, states that Bula Lea Rodden, at the time of death, was 1 year of age and a citizen of the Cherokee Nation; that on the 23rd day of May, 1907, he made application to the Commissioner to the Five Civilized Tribes at the Cherokee land office to take in allotment for estate of Bula Lea Rodden, the S. W. ¼ of S. E. ¼ and S. E. ¼ of N. W. ¼ of S. E. ¼, Sec. 16, T. 21, 4 L. 3 E., and it appeared of record that on the 3d day of March, 1907, the said tract of land was selected by W. A. Scott as attorney in fact for Martha Pheasant. The contestant further states that said land is improved, the improvements consisting of fencing inclosing the same, five acres in cultivation, part of house thereon, and certain outbuildings; that it has been so improved for several years last past; that on the 16th day of February, 1907, contestant purchased said improvements from Jasper Chaney, a claimant to citizenship now denied, who was the rightful owner then in possession; that since said purchase said improvements have been owned and possessed by contestant, and were when contestee filed; that contestee never owned any im-

provement upon said land, and was never in possession of any part thereof. Wherefore. contestant prays that estate of Bula Lea Rodden be permitted to take in allotment the tract of land herein described.

"William Rodden says that he believes the statements contained in the foregoing complaint are true."

During the lifetime of Martha Pheasant, no notice of such contest was issued or served, but on March 23, 1909, nearly two years after its institution, notice thereof was issued, and subsequently served upon W. A. Scott, who had acted as her attorney in fact in the selection of the lands involved.

The findings and decision of the Commissioner to the Five Civilized Tribes in the contest proceedings are as follows:

"That Bula Lea Rodden was, during her lifetime, a citizen by blood of the Cherokee Nation, having acquired her right to enrollment under and by virtue of the act of Congress approved April 26, 1906. That Martha Pheasant was, during her lifetime, a citizen by intermarriage of the Cherokee Nation, and that, as such, each is entitled to an allotment of the lands of said Nation. That on May 3, 1907, W. A. Scott, as attorney in fact. appeared in the Cherokee land office and made application for the land in controversy herein for Martha Pheasant, now deceased and the same was, by the Commissioner to the Five Civilized Tribes, set apart to the said Martha Pheasant as a portion of her allotment selection. That on May 23, 1907, William Rodden, as administrator, appeared at the Cherokee land office and made application to have the land in controversy herein set apart to Bula Lea Rodden, deceased, as a portion of her allotment, and, the same having been theretofore selected, as herein stated, the said William Rodden was so notified by the Commissioner, and his application for said land was therefore refused. That on said May 23, 1907, William Rodden, as administrator of the estate of Bula Lea Rodden, deceased, filed herein his complaint, duly verified. That on January 24, 1908, a certified copy of letters of administration, showing the appointment of James W. Brown as administrator of the estate of Bula Lea Rodden, deceased, and a revocation of the letters of administration theretofore issued to William Rodden was filed herein and the name of the said James W. Brown substituted as contestant herein. That on March 23, 1909, this cause was set for trial on May 24, 1909, at 9 o'clock a. m., in Tulsa, Okla., and notice of contest and summons issued to contestee. That on May 22, 1909, return of notice of contest and summons was filed herein, showing service on Martha Pheasant, on April 10, 1909. by delivering a copy of said notice to W. A. Scott, her attorney, in fact. That on May 24, 1909, this cause was called for trial. Contestant appeared in person and by counsel, and contestee appeared by counsel only. Counsel for contestee suggested the death of said Martha Pheasant, stating that she died prior to the date of the service made herein on April 10, 1909. On motion of the Commissioner this cause was continued to a time and place to be thereinafter fixed, with alias notice of contest and summons upon the filing by contestant of amended complaint. That on August 12, 1909, the complaint herein was amended, making William A. Scott, executor of the last will of Martha Pheasant, deceased, party contestee. This cause was re-set for trial on October 8, 1909, at 9 o'clock a. m., in Tulsa, Okla., and alias notice of contest and summons issued to contestee. That on September 13, 1909, return of alias notice of contest and summons was filed herein, showing personal service of said notice on the contestee on September 7, 1909. That on October 8, 1909, this cause was called for trial. Contestant appeared in person and by counsel, and contestee appeared by counsel only. Both parties announced ready for trial, whereupon a hearing was had in part, and by agreement this cause was continued for further hearing on October 19, 1909, at Muskogee, Okla. That on October 19, 1909. this cause was called for further hearing pursuant to continuance had. Contestant and contestee appeared by counsel only. Both parties announced ready for trial, whereupon the hearing herein was resumed, and by agreement this hearing was continued for final hearing to October 29, 1909, at 9 o'clock a. m. That on October 29, 1909, this cause was called for further hearing pursuant to continuance had, and neither party appearing, said cause was closed and taken under advisement on the evidence heretofore submitted. * * *

"A transaction, as set forth in the preceding paragraph, conveys no vested rights. and the contention of the contestant that the estate of said Bula Lea Rodden was the owner of the improvements located on and in the lawful possession of the land in controversy on the date of Martha Pheasant's filing is not sustained by the evidence, and were it not for other conditions that are presented by the record herein, the contestee should, by virtue of priority of filing, prevail.

"The evidence herein further shows that on the date of the hearing had herein on October 8, 1909, it was stipulated and agreed by and between the attorneys and the parties hereto that the S. E. ¼ of the N. W. ¼ of the S. E. ¼ of section 16, township 21 north, range 13 east, and being a portion of the land in controversy, was deeded by said Martha Pheasant, during her lifetime, to one Jacob Bozarth, and that the S. W. ¼ of the S. E ¼ of section 16, township 21 north, range 13 east, and being the remainder of the land in controversy, was deeded by said Martha Pheasant during her lifetime, to Mark L. Bozarth and Charles L. Phillips.

"It was further agreed that said deeds were made and executed by the said Martha Pheasant subsequent to the issuance and delivery to her of a certificate of allotment covering said land.

"The Department, in its decision rendered on March 23, 1908, denying a motion to reconsider a former decision in Chickasaw Allotment Contest No. 1393, Stidham v. Folsome, said: 'The position of the Department has been for several years that an allottee does not acquire such an interest in a tract set apart to him as would entitle him to alienate the same until the right is perfected in him to receive a certificate of allotment.' The land in controversy was originally selected for Martha Pheasant on May 3, 1907, and this contest was instituted on May 23, 1907, and it follows, therefore, as a matter of procedure that said Martha Pheasant was not entitled to receive a certificate of allotment at the time she attempted to convey by deed the land in controversy to others. It is true that a certificate of allotment was, on February 3, 1908, issued and later delivered to W. S. Scott, attorney in fact for said Martha Pheasant, but such certificate was issued and delivered through error, and the records of this office show that on June 9, 1908, said W. S. Scott was so advised by the Commissioner, and by him requested to return said certificate to this office. It does not appear that said certificate was returned as requested.

"The act of the said Martha Pheasant, in conveying the land in controversy subsequent to the institution of this contest, and prior to a final determination of the rights of the parties hereto, raised a reasonable presumption of her intention to abandon and forfeit all her rights in and to said land; and it necessarily follows that William A. Scott, as executor of the last will of Martha Pheasant, deceased, and as contestee in this case, can succeed to no rights superior to those possessed by said Martha Pheasant at the time of her death, and therefore, following the departmental decision in the Stidham-Folsome Case above referred to, the land in controversy should revert and become subject to the subsisting rights of contestant as administrator of the estate of Bula Lea Rodden, deceased.

"The Commissioner is of the opinion that in view of the decision in the Stidham-Folsome Case, the contestee is not entitled to have the land in controversy allotted in the name of the said Martha Pheasant, deceased, but that said land should be allotted in the name of Bula Lea Rodden, deceased."

There was an attempted appeal from the decision of the Commissioner to the Five Civilized Tribes, to the Commissioner of Indian Affairs, which was dismissed, for the reason that the same was not perfected within the time prescribed by the rules of practice in contest cases, and this action was sustained on appeal to the Secretary of the Interior, whereupon the decision became final.

It is contended by plaintiffs that the Commissioner to the Five Civilized Tribes committed a material error of law, and that the Commissioner of Indian Affairs and the Secretary of the Interior fell into the same error in determining that the contestant in said contest proceedings was entitled to allot the land in question, and that the Department was induced to cause the issuance of patent to such contestant pursuant thereto, by an erroneous view of the law. By act of Congress approved July 1, 1902 (32 Stat. L. 716, c. 1375), it is provided:

"Sec. 21. Allotment certificates issued by the Dawes Commission shall be conclusive evidence of the right of an allottee to the tract of land described therein, and the United States Indian agent for the Union Agency shall, under the direction of the Secretary of the Interior, upon the application of the allottee, place him in possession of his allotment, and shall remove therefrom all persons objectionable to him, and the acts of the Indian agent hereunder shall not be controlled by the writ or process of any court.

"Sec. 22. Exclusive jurisdiction is hereby conferred upon the Commission to the Five Civilized Tribes, under the direction of the Secretary of the Interior, to determine all matters relative to the appraisement and the allotment of lands."

"Sec. 69. After the expiration of nine months after the date of the original selection of an allotment by or for any citizen of the Cherokee Tribe as provided in this act, no contest shall be instituted against such selection, and as early thereafter as practicable patent shall issue therefor."

Certain rules were adopted governing contest proceedings, including those set forth in the petition, which, when approved by the Secretary of the Interior, had the force and effect of laws. Knight v. Lane, 228 U. S. 6, 33 Sup. Ct. 407, 57 L. Ed. 709; Parryman v. Cunningham, 16 Okla. 94, 82 Pac. 822. By rule 3, it is provided:

"The complaint must conform to the following requirements. * * * It must make party contestee the person who, by himself or through another, originally selected the land in controversy. * * *"

Manifestly, there was no compliance with this rule. Martha Pheasant, "who through another, originally selected the land in controversy," was not made a party contestee; but, on the contrary, W. A. Scott, who was her attorney in fact for the sole purpose of making such selection, was made the contestee, and the name of Martha Pheasant is nowhere mentioned in said complaint save as follows:

"And it appeared of record that on the 3d day of March the said tract of land was selected by W. A. Scott, as attorney in fact for Martha Pheasant."

Nearly two years elapsed from the institution of said contest before any notice thereof was issued. Martha Pheasant in the interim, and after the expiration of nine months from the date of her selection of the lands involved, and the receipt of her allotment certificate therefor, had conveyed the same to plaintiffs for a valuable consideration, and later died without notice of such contest. In Garfield v. Goldsby, 211 U. S. 249, 29 Sup. Ct. 62, 53 L. Ed. 168, it is said:

"In the extended discussion which has been had upon the meaning and extent of constitutional protection against action without due process of law, it has always been recognized that one who has acquired rights by an administrative or judicial proceeding cannot be deprived of them without notice and an opportunity to be heard. The right to be heard before property is taken or rights or privileges withdrawn, which have been previously legally awarded, is of the essence of due process of law. It is unnecessary to recite the decisions in which this principle has been repeatedly recognized. It is enough to say that its binding obligation has never been questioned in this court."

No contest having been instituted against the selection of Martha Pheasant, to which she was made a party contestee, within nine months after such original selection of the lands as her allotment, the Commissioner to the Five Civilized Tribes was without power to determine her right thereto in any contest thereafter commenced; and the subsequent filing of an amended complaint against her executor in a contest proceeding begun within the statutory period, but in which the rights of Martha Pheasant to the lands involved could not have been adjudicated because she was not a party, could confer no such jurisdiction on the Commissioner. In Garfield v. Goldsby, supra, it is stated:

"But, as has been affirmed by this court in former decisions, there is no place in our constitutional system for the exercise of arbitrary power, and if the Secretary has exceeded the authority conferred upon him by law, then there is power in the courts to restore the status of the parties aggrieved by such unwarranted action."

If for any reason it could be conceded that the Commissioner had jurisdiction of such contest proceeding, his decision was obviously erroneous. The act of July 1, 1902, supra, provides that each Cherokee citizen shall have an allotment, "which land may be selected by each allottee so as to include his improvements." The ground of contest alleged in the complaint is that the contestant was the owner of the improvements upon the land involved, and therefore had the preference right to select the same. On no other theory could he have properly maintained his action, for such is the sole cause under the law for which a contest is sustainable. Harnage v. Martin, 40 Okla. 341, 136 Pac. 154. Upon this issue the Commissioner specifically found against the contestant. Such finding is conclusive upon the courts. Harnage v. Martin, supra; Jordan v. Smith, 12 Okla. 703, 73 Pac. 308; Howe v. Parker, 190 Fed. 738, 111 C. C. A. 466. The Commissioner, however, decided that the lands should be awarded to the contestant for the single reason that her conveyance raised a presumption of an intention on her part to abandon and forfeit all right to the land in contest. Speaking to this point, Galbraith, C., in Bowen v. Carter et al., 42 Okla. 565, 144 Pac. 170, said:

"Again it is not clear that the Commissioner to the Five Civilized Tribes did not commit error of law in maintaining the contest of Dellia Bowen on the ground set out in her petition, to wit, 'that subsequent to the selection of the land by Buckner Burns, he conveyed the same to a noncitizen, thereby abandoning his right to take the same in allotment,' and, also, in sustaining a motion to reinstate said contest after the same had been dismissed for want of prosecution. The statute did not authorize the institution and maintenance of a contest on the ground set out in Dellia Bowen's petition."

But, if it might properly have been held, as a matter of law, that a conveyance by a contestee pending a contest involving the lands described in such conveyance was sufficient evidence of a purpose to abandon and forfeit any right to said lands, such doctrine could not be applied under the facts in the instant case, for the reason that there was in fact no contest pending against Martha Pheasant involving said lands at the time of her conveyance, and the fact of the institution of a contest proceeding, of which she had no notice, against a person who was in no sense a proper party contestee under the law, and who had and claimed no interest in the lands involved in either a personal or representative capacity, could not bring her deeds of conveyance within the departmental rule invoked in the Commissioner's decision.

Again, the allotment certificate was issued and delivered before any hearing or determination of the contest proceedings. Such certificate was conclusive evidence of the right of Martha Pheasant to the lands described therein. Section 22, Act July 1, 1902, supra.

"An allotment certificate when issued to an enrolled member of the Five Civilized Tribes of the Indian Territory, like a patent for public lands, is dual in effect. It is an adjudication of the special tribunal empowered to decide the question that the party to whom it issues is entitled to the land, and it is a conveyance of the right to this

title to the allottee." Bowen v. Carter, supra; Wallace v. Adams, 143 Fed. 716, 74 C. C. A. 540; Garfield v. Goldsby, supra; United States v. Dowden (C. C.) 194 Fed. 475; Godfrey v. Iowa Land & Trust Company, 21 Okla. 293, 95 Pac. 792.

In Bowen v. Carter, supra, it is said further:

"Neither the statute nor the practice before the Department authorized the Commissioner to arbitrarily recall and cancel the allotment certificate. * * *"

"Courts of equity have jurisdiction, after the Commission to the Five Civilized Tribes and the Secretary of the Interior have exercised their powers and exhausted their jurisdiction, to determine whether by error of law, or through fraud or gross mistake of fact, the Commission or the Secretary has failed to allot land in the Cherokee Nation to the citizen who, under the law and the treaties, was entitled to the same." Harnage v. Martin, supra.

See also Bowen v. Carter, supra; Leak et al. v. Joslyn, 20 Okla. 200, 94 Pac. 518; Mitchell v. Bell, 31 Okl. 117, 120 Pac. 560; Citizens' Trading Co. v. Bass, 30 Okla. 747, 120 Pac. 1095; James v. Germania Iron Co., 107 Fed. 597, 46 C. C. A. 476; Ross v. Stewart, 25 Okla. 611, 106 Pac. 870, affirmed in 227 U. S. 530, 33 Sup. Ct. 345, 57 L. Ed. 626. At the time of the conveyances to plaintiffs, all restrictions upon the alienation of the lands by Martha Pheasant had been removed. Act of Congress approved April 21, 1904, 33 Stat. L. 189, c. 1402.

From the allegations of the petition, we are of opinion that the departmental officers fell into error in the particulars considered, by reason of which the plaintiffs are entitled to charge the lands in controversy with a trust in their favor, according to their prayer. It follows that as such petition states facts sufficient to constitute a cause of action, there was error in the action of the court in sustaining the demurrer thereto.

The judgment of the trial court should therefore be reversed, and the cause remanded for further proceedings in conformity with the views herein expressed.

By the Court: It is so ordered.