## MITCHELL v. BELL.

No. 1304.   Opinion Filed January 9, 1912.

(120 Pac. 560.)

**INDIANS—Patent From Cherokee Nation — Validity — Jurisdiction in Equity.** A court of equity has jurisdiction to determine whether a patent issued by the town-site commissioners of the Cherokee Nation was issued to a wrong party by an erroneous view of the law or by gross or fraudulent mistake of the facts.

(Syllabus by the Court.)

*Error from District Court, Rogers County;*
*John H. Pitchford, Judge.*

Bill by Bruce Mitchell against Mark R. Bell.   From an order of dismissal, plaintiff brings error.   Reversed and remanded, with directions.

*W. H. Kornegay,* for plaintiff in error.

KANE, J.   This was a suit in equity, praying that a decree be entered that any title the defendant may have in and to certain lands may belong to the plaintiff.   It seems that the parties, who are citizens of the Cherokee Nation, each claimed the right to take said lands in allotment, and the Secretary of the Interior on appeal, after a trial before the town-site commissioners of the Cherokee Nation, decided the contentions of the parties in favor of the defendant below, defendant in error here.   When this case was called for trial, counsel for defendant moved the court below for judgment, "for the reason that the court has no jurisdiction of the subject-matter involved in this cause," and the court held that exclusive jurisdiction was vested finally in the Secretary of the Interior, and that it therefore had no jurisdiction to render a decision upon a decision rendered by the Secretary of the Interior, and sustained the objection to the introduction of testimony.   To reverse this order this proceeding in error was commenced.

We think the court was in error in holding that it had no jurisdiction. The rule is that "a patent issued by the townsite commissioners of the Cherokee Nation is impervious to attack in a court of equity, unless the commission was induced to issue it to a wrong party by an erroneous view of the law or by a gross or fraudulent mistake of the facts." *Ross v. Stewart,* 25 Okla. 611, 106 Pac. 870. The court had jurisdiction to determine whether the commission was induced to issue the patent to a wrong party by an erroneous view of the law, or by gross or fraudulent mistake of the facts, and should have examined into the proceedings before it for the purpose of determining those questions.

The judgment of the court below must be reversed, and the cause remanded, with directions to proceed in accordance with the views herein expressed.

All the Justices concur.