## SMILEY v. SCOTT et al.

No. 5691—Opinion Filed June 13, 1916.

(158 Pac. 919.)

### 1. Indians—Land—Actions—Pleading.

A petition which alleged that the defendant on the day of its purchase of said land, and prior thereto, had actual notice that the plaintiff was the owner and holder of a certificate of purchase under a written assignment from the original purchaser, and likewise alleged that the defendant was not a purchaser in good faith without notice or for valuable consideration, stated a cause of action, and a demurrer thereto was improperly sustained.

### 2. Vendor and Purchaser—Bona Fide Purchasers—Constructive Notice.

There being no statute which directs or authorizes the assignment of certificates of purchase to be shown upon the land tract book in the office of the Commissioner of the Five Civilized Tribes, the notation therein of said assignment is not constructive notice thereof.

(Syllabus by Hooker, C. )

Error from District Court, Creek County; R. P. de Graffenried, Judge.

Action by G. W. Smiley against Samuel J. Scott and others. Judgment for defend-

ants, and plaintiff brings error. Reversed and remanded.

H. B. Schaeffer and Jno. F. Kerrigan, for plaintiff in error.

McDougal & Lytle and Sherman, Veasey & Davidson, for defendants in error.

Opinion by HOOKER, C. About February 1, 1911, the real estate involved here, being a part of the unallotted lands of the Creek Nation, was purchased at a public sale by one Samuel J. Scott, to whom a certificate of purchase was issued. On the 6th day of May, 1911, the said Scott, for a valuable consideration, sold and assigned his certificate to the plaintiff in error, G. W. Smiley, who was qualified to take the same, and it is alleged that prior to December 19, 1911, the plaintiff in error paid to the Commissioner of the Five Civilized Tribes a 25 per cent. installment as a part of the purchase price, as provided in the certificate of purchase issued to the said Scott, and at the time of such payment he notified the said Commissioner that he was the owner and holder of said certificate by written assignment; and that the Commissioner on said date, to wit, December 19, 1911, knew that the plaintiff in error, upon final payment being made, was entitled to a deed of conveyance from the Creek Nation. All of which was made a matter of record by the Commissioner, by notation in writing on the land tract record in the office of said Commissioner that any deed issued under said certificate of purchase should be sent to the plaintiff at his address, and the record in the Commissioner's office has shown this state of facts since December 19, 1911. It further appears that about December 19, 1912, when the plaintiff in error went to said Commissioner to make the final payment of the purchase price under said certificate he was then and there informed that the same had been made by one Lynch, the defendant in error here, and it is claimed that the payment was made without the knowledge or consent of the plaintiff in error.

It is further alleged in the petition that the defendants in error, Scott, Lynch, and T. E. Smiley, with full knowledge that plaintiff was the holder of said certificate and entitled to said deed, falsely represented to said Commissioner that the said T. E. Smiley was entitled to the same and that the Commissioner, believing the same to be true, delivered the same to the said T. E. Smiley, to which the plaintiff in error, G. W. Smiley, never consented. It is further claimed that the said Lynch, Scott, and T. E. Smiley conspired together to prevent the said G. W. Smiley from obtaining the title to said land,

and to that end they induced the said Scott to convey the same to T. E. Smiley with the understanding that one Lynch should be a half owner therein; and it is further alleged that, during all of this time, it was the practice and custom of the Commissioner aforesaid to have all deeds for unallotted lands of the Creek Nation made to the initial purchaser as grantee, and that in the event of the assignment of a certificate of purchase to deliver the deed to the assignee and holder of the certificate of purchase, and that this practice and custom was at all times known to said defendants.

It is further claimed that the Oklahoma Oil Company, one of the defendants in error, on the 4th day of December, 1912, and prior thereto, knew that the plaintiff in error was the owner and holder of said certificate of purchase under a written assignment, and it is likewise alleged that said company was not a bona fide purchaser in good faith, without notice or for a valuable or adequate consideration, for that it, and each of said defendants, at all times had knowledge of and knew of the plaintiff's claim and right to said land. To this petition a demurrer was sustained, and it is claimed here that the petition stated a cause of action for two reasons: (1) That the petition alleged actual knowledge upon the part of the company and of each of said defendants of the right, title and interest of the plaintiff in error in and to said land, by virtue of the assignment of the certificate of purchase and the payment of a part of the purchase price; (2) that the company and each of its codefendants had constructive knowledge and notice of the right, title, and interest of the plaintiff in error to the land involved here, for the reason that, under the custom and practice then in force by the Commissioner, the notations were made in the platbook showing the assignments of the certificate and the holder thereof, and that it was a known custom, then in force, to make said tract book show the interest of the assignee of said certificate, and that the book in question which showed the purchase of this land had the proper notations thereon to give to the defendants, and each of them, constructive notice of the rights of the plaintiff in error in and to said premises.

As we view this situation, it is unnecessary to write an extended opinion upon the questions involved here. Suffice to say that if the defendants had actual knowledge of the rights of the plaintiff in error by virtue of the assignment to him of the certificate of purchase, issued to Scott at the time said land was sold, then, and in that event, the defendant company is not an innocent purchaser for value, and the petition as to said company and each of said defendants under that allegation stated a cause of action.

As to the constructive notice, we have been unable to find any statute or rule of law, nor has any been shown to us, which authorizes the assignment of the certificates of purchase to be shown upon the tract book in the manner and form as alleged in the petition in this case. And in the absence thereof, we must hold that the same is not constructive notice to the public. In the case of James et al. v. Newman et al., 147 Iowa, 579, 126 N. W. 783, it is said:

"Constructive notice as distinguished from actual notice is a creation of the statute, and is available to a party only in accord with the provisions of the statute. In order to impart constructive notice to third persons of any instrument of transfer by one person to another, the statute contemplates and requires that it be properly acknowledged by the parties, and that it be filed for record and spread upon the records by the county recorder, and  *  *  *  properly indexed. *  *  *  *We know of no rule of law that would justify us in dispensing with these prerequisites to constructive notice. .Appellant places reliance upon a remark contained in the opinion in the case of Bank v. Anderson, wherein this method of assignment is suggested as a method whereby such assignment 'must inevitably be seen by any one looking for incumbrances.' This suggestion was manifestly intended to point out a way whereby actual notice could be imparted. There is no suggestion in the opinion that such method would impart constructive notice to one who had no actual notice."

This court in Leak v. Joslin, 20 Okla. 200, 94 Pac. 518, said:

"When town-site commissioners, by virtue of an act of Congress otherwise known as the 'Supplemental Creek Agreement,'  *  *  *  where there is no conflict as to the facts, but by a misconstruction of the law as applied to the facts, scheduled a lot to a party who is not entitled to same under the law, after title has passed to a private party, courts of equity will inquire as to whether or not such title shall be held as trustee for the party really entitled to same."

This subject has been thoroughly discussed in Mitchell v. Bell, 31 Okla. 117, 120 Pac. 560; Fast v. Walcott et al., 38 Okla. 715, 134 Pac. 848.

We are of the opinion, as stated above, that, the petition in this case having alleged actual notice on the part of the defendants, and each of them, as to the right and interest of the plaintiff in error, the demurrer was improperly sustained, and the judgment of the lower court is therefore reversed and remanded.

By the Court: It is so ordered.