## BONAPARTE, County Treas., et al. v. BONNER.

No. 23524.   Feb. 12, 1935.

Lewis R. Morris, Co. Atty., and Phil E. Daugherty, Asst. Co. Atty., for plaintiffs in error.

Gordon Stater, for defendant in error.

WELCH, J. Plaintiff in the trial court brought suit to recover taxes paid under protest. The taxes involved were levied for the fiscal year 1928-29, against certain personal property of plaintiff, consisting of his household goods.

The material facts are that plaintiff, during the assessing period of 1928, voluntarily rendered to the county assessor an assessment of his personal property, which included only his personal property contained in his office, and placed the value of same at $150. Subsequent thereto, in May, the county assessor arbitrarily assessed plaintiff's household goods situate in his home, fixing the value thereof at $500, and this arbitrary assessment was made and pre-

pared on a separate assessment sheet. The "notice of personal assessment list" prepared and published by the assessor as provided for in section 9664, C. O. S. 1921, section 12611, O. S. 1931, gave the assessment of personal property of plaintiff as $150 in value.

It will thus be seen that the tax rolls of Oklahoma county carried one assessment of $150 on the personal property of plaintiff, consisting of property in his office, and a separate assessment of $500 on other personal property belonging to plaintiff, consisting of household goods. The $150 assessment, which was a voluntary assessment, was included in the published list, and the $500 assessment, which was an arbitrary assessment on omitted personal property, was not included in the published list. Plaintiff paid the amount assessed against all of the personal property under protest, and instituted this action to recover the amount so paid. During the trial plaintiff conceded the correctness of the assessment represented by the $150 voluntary assessment. The cause was tried to the court, resulting in a judgment in plaintiff's favor as to the $500 assessment, from which judgment the defendants have appealed.

It is the plaintiff's first contention that the $500 assessment is illegal and void by reason of the failure to include the same in the publication of the above-mentioned assessment list. This question has been decided by this court adversely to plaintiff's contention subsequent to the rendition of judgment in the trial court and this appeal. In Bonaparte v. American Vinegar Manufacturing Co., 161 Okla. 54, 17 P. (2d) 441, this court held in paragraphs 6 and 7 of the syllabus as follows:

"Compliance with section 9664, C. O. S. 1921 (O. S. 1931, sec. 12611), by the county assessor is not a condition precedent to the placing of personal property upon the assessment rolls.

"Any person owning personal property in a county subject to taxation therein, who fails or neglects to render the same for taxation in the manner and within the time provided by law, cannot avoid the assessment of such property by the county assessor solely upon the ground the assessor failed to publish the name of the owner and the value of the personal property assessed."

And we consider such case controlling on the issue thus raised herein. See, also, Abernathy v. Huston, 166 Okla. 184, 26 P. (2d) 939.

Plaintiff further contends that the fact that the published assessment list conveyed to the plaintiff the information that his personal property was assessed at a value of $150, and did not notify him of the assessment of $500 on his furniture, relieves him of the duty to pay the taxes levied against such household furniture.

The plaintiff makes no contention against the assessment of his household furniture, nor against the tax levy thereon, except the above-stated contention based upon the notice in the newspaper. We consider our decisions in the above-cited cases to be a controlling answer, and to clearly demonstrate that the judgment here should be for the defendant in the trial court.

The judgment is reversed, and the cause remanded, with directions to render judgment for the defendant.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BAYLESS, BUSBY, CORN, and GIBSON, JJ., concur. PHELPS, J., absent.