**BAKER, HANNA, BLAKE & CO. v. BONAPARTE, County Treas., et al.**

No. 25970.    Sept. 10, 1935.

Rehearing Denied Oct. 29, 1935.

Gordon Stater, Wilson & Wilson, Shirk, Danner & Earnheart, Snyder, Owen & Lybrand, L. D. Threlkeld, and Mont F. Highley, for plaintiff in error.

Lewis R. Morris, County Atty., for defendants in error.

PER CURIAM. Plaintiff in the trial court brought suit to recover taxes paid under protest. The taxes involved were levied for the fiscal years 1928-1929 and 1931-1932 against certain personal property of the plaintiff, consisting of stock of merchandise and fixtures. Originally there were two suits filed in the lower court and consolidated for trial. Trial was before the court without the intervention of a jury. Judgment was for the defendants. The

case is properly before this court on appeal. The parties are the same here as in the trial court and will be so referred to.

The material facts are that plaintiff, during the period for returns of assessments for both of the years involved, failed and neglected to make returns of its personal property for taxation, and the county assessor made arbitrary assessments for both years, placing the valuation of $300,000 on said property for the year 1928-1929 and of $236,500 for the year 1931-1932. The plaintiff never applied to the board of equalization to protest either of these assessments, but when the taxes became due paid them and filed notice of protest in each instance and brought suits to recover the entire amount of taxes paid. There was no evidence offered to show the actual value of plaintiff's property for either of the years involved.

It is the plaintiff's contention that the assessments for both years were illegal and void for the reason that the "notice of personal assessment list" prepared and published by the assessor as provided for in section 9664, C. O. S. 1921 (sec. 12611, O. S. 1931), failed to include the assessments of its property and omitted therefrom the names and assessments of numerous other taxpayers in its class, and further that no copy of the papers containing such publication was ever mailed to or received by the plaintiff.

This question has been decided by this court adversely to the plaintiff's contention in every instance where it has been raised. In Bonaparte v. Bonner, 170 Okla. 509, 41 P. (2d) 68, this court said:

"Compliance with section 9664, C. O. S. 1921 (O. S. 1931, sec. 12611), by the county assessor is not a condition precedent to the placing of personal property upon the assessment rolls.

"Any person owning personal property in a county subject to taxation therein, who fails or neglects to render the same for taxation in the manner and within the time provided by law, cannot avoid the assessment of such property by the county assessor solely upon the ground the assessor failed to publish the name of the owner and the value of the personal property assessed."

See, also, Bonaparte v. American Vinegar Mfg. Co., 61 Okla. 54, 17 P. (2d) 441; and Abernathy v. Huston, 166 Okla. 184, 26 P. (2d) 939.

As we have pointed out in Bonaparte v. American Vinegar Mfg. Co., supra, the Legislature has provided three ways for placing property upon the assessment rolls, and if the assessment be made in the manner provided by any one of the three methods, jurisdiction is conferred upon the taxing official, and such assessment is neither illegal nor void, and the procedure thereafter to be followed by dissatisfied taxpayers is the same regardless of whether one or the other of the three methods has been employed. Due process of law and equal protection of the law will thus be afforded the taxpayers in every case. The plaintiff has wholly failed to show that it has been deprived of any substantial right; the question presented by this appeal is no longer an open one in this jurisdiction. The judgment of the trial court is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, WELCH, CORN, and GIBSON, JJ., concur. BAYLESS and BUSBY, JJ., absent. PHELPS, J., not participating.